Abbaham J. Gellinoff, J.
The State Legislature has determined that there exists in the New York City metropolitan area an emergency situation involving, potentially, the inability of many thousands of families to provide a decent burial for their deceased; and the State Legislature has declared that this situation, if allowed to proceed unchecked, would constitute a serious threat to the health and welfare of the citizens of the State, would cause untold grief to the bereaved families, and would seriously offend the public conscience.
Because it has long been the public policy of the State that the body of a deceased person should be decently buried as soon as possible after death, the Legislature, stating that this policy is again being frustrated by a labor dispute and threatened strike, has acted to provide emergency procedures to facilitate the burial of the dead in and near the City of New York. This threatened strike envisaged by the law has now become a reality.
Section 2 of chapter 585 of the Laws of 1973 provides that, upon receipt by the Governor of the State of the certifications of the Industrial Commissioner and the Commissioner of Health that there does exist a.labor dispute involving the cemeteries in the New York City metropolitan area which has not been resolved and cannot be resolved through the employment of currently authorized collective bargaining procedures, and that such dispute has resulted in an actual threat to the health and welfare of the residents of the State, the Governor may by executive order, invoke the provisions of section 2 of the act. The remainder of section 2 of the act provides the machinery.
In substance, the procedure consists of emergency mediation and, upon failure to reach agreement, compulsory arbitration.
The Governor has in fact issued the appropriate executive order invoking the provisions of the act.
Section 3 of the act provides that ‘ ‘ While an executive order issued pursuant to the provisions of section two of this act *150 is in effect, it shall be unlawful for any person subject to the provisions of this act to engage in or to induce or encourage any strike or withholding of services or lockout of employees. ’ ’ The section further provides that the Attorney-General shall forthwith apply to the Supreme Court of New York County for an injunction against the commencement or continuation of any strike or lockout. The strike has continued, and therefore the Attorney-General has moved this court for such temporary injunction.
The defendants contend that, as applied here, and on its face, the statute is unconstitutional. It is contended in defendant Cimaglia’s testimony before the court that an emergency health condition does not factually exist. But the statute does not leave to the court the determination of that question. It gives the Governor the power, upon a showing sufficiently satisfying to him of a health emergency to invoke the provisions of the act. This court ought not usurp the Governor’s power and determine for itself the extent of the emergency. This grant of power to the Governor is a valid emergency measure. In any event, regardless of what may ultimately be established at a trial, sufficient evidence of at least an imminent health hazard has been adduced in the moving papers, and that evidence is not negated by-the testimony of Mr. Cimaglia. The evidence establishes that the Governor has not abused the power granted by the act, and that he has not acted arbitrarily or capriciously. The evidence further establishes the need for immediate relief pending ultimate determination of the facts.
Moreover, inherent in the entire conduct of defendants is an affront to the declared public policy of the State that the body of a deceased person should be decently buried as soon as possible after death.
On its face, as an emergency use of the police power, the act does not offend the Federal or State Constitutions. It neither violates due process nor deprives defendants of the equal protection of law. Where the public welfare demands the Legislature may bar strikes; and just as the Legislature may validly proclaim it to be the policy of this State that public employees may not strike because the continuation of their services is essential to the well-being of the residents of this State, so the Legislature may validly proclaim it to be the public policy of the State that, upon the occurrence of an emergency health hazard, cemetery workers may not continue a strike because their services are similarly essential to the public health, welfare and human dignity of the residents of the State.
*151 The court has considered all the arguments presented by defendants, and although eloquent and forcibly and admirably presented, they do not persuade the court that this court, sitting nisi prius, should invalidate the act.
The court finds that the relief requested by the Attorney-General is necessary to prevent the commission of the acts specifically made unlawful by section 3. The motion for a temporary injunction is therefore granted. Submit order granting all the relief prayed for in the order to show cause, with leave to the defendants, however, to resettle the order with respect to any specific or particular provisions as may be deemed particularly inappropriate.